## H. & T. C. R. R. Co. v. H. M. Chaffin.

(Case No. 8861.)

1. Damages — Railroad company.— When neither the general statutes nor any special act contains any specific limitation in regard to claims upon railway companies for damages to land, the general statute of limitations will apply.
2. Same.— Limitation is available as a defense against a statutory remedy for the recovery of damages resulting from the construction of a railroad, and the statute of two years applies.
3. Same.— A railway company secured the right of way across land by written agreement, which was not recorded. Afterwards, and before an embankment was made (for damages in constructing which plaintiff sued), the plaintiff purchased the land without notice of the unrecorded agreement. Five years afterwards the purchaser sued for damages caused by the construction of the ditch. Held,

(1) The fact that the company asked for a condemnation of the land for a road-bed did not revive the claim for damages or result in relieving from the bar of limitation.

(2) If the purchaser occupied the attitude of an innocent purchaser without notice of the agreement made by the company with his vendor, this would authorize him to recover on condemnation the value of his land, but would not revive the right to damages already lost by the limitation of two years.

Error from Grayson. Tried below before the Hon. Jos. Bledsoe.

Trespass to try title brought by H. M. Chaffin, and also for damages done to the land by cutting a ditch and throwing up an embankment, laid at $1,500, and for rents during defendant's occupation. On the 10th day of December, 1878, a suggestion of the death of plaintiff was filed, and making the heirs parties, which was ordered by the court.

Defendant pleaded not guilty, statutes of limitation of three years under title and color of title, and also limitation of two years in bar of the plaintiff's claim for damages to the land. Defendant also set up title to the right of way over the land, and disclaimed as to all the land except the right of way over the same, and, in case it should be held to have no title, asked that the right of way be condemned to the use of defendant. Verdict and judgment for plaintiffs for $751.75, and condemning the right of way.

R. De Armond, for plaintiff in error.

No briefs have reached the reporter for defendant in error.

Watts, J. Com. App.— One of the contested issues in the court below was as to the right of appellees to a recovery for damages on

account of the ditch cut and embankment made by appellant upon the land. It appeared from the evidence that this ditch was cut and the embankment was made in the spring of 1873; this suit was commenced March 18, 1878. To this claim for damages the appellant interposed the defense of two years' limitation, and on the trial asked the court to instruct the jury, in effect, that if more than two years had elapsed between the time the ditch was dug and the embankment was made, and the institution of this suit, appellees could not recover damages by reason of the same. This charge was refused by the court, and that refusal is assigned as error.

Appellant had secured the right of way from the then owner of the land upon certain conditions, which it appears were subsequently complied with. However, the written agreement evidencing appellant's right in this respect was not recorded. Subsequently, and before the ditch was dug and the embankment made, Mrs. Chaffin received a conveyance of the land from that owner, and the right of appellees to recover the land and damages is based upon the ground that she was an innocent purchaser for value and without notice of appellant's rights under the agreement. The statute, in effect, provides that all actions of trespass for injury done to the estate of another shall be commenced and sued within two years next after the cause of such action or suit, and not after. Pasch. Dig., art. 4604.

The doctrine is announced in Redfield on the Law of Railways, vol. 1, p. 349, that "Where neither the general statutes nor the special act contains any specific limitation in regard to claims upon railway companies for land damages, it has been held that the general statute of limitation of actions, for claims of a similar character, will apply."

In Foster v. The Cumberland Valley Railroad Company, 23 Pa. St., 371, it was in effect held that limitation is available as a defense against a statutory remedy for the recovery of damages resulting from the construction of railroads.

If, at all, the right of action for the damages resulting from the ditch and embankment accrued at the time they were made, and certainly an action for such damages is subject to the limitation of two years, would the fact that appellant asked in the alternative for a condemnation of the land for a road-bed revive the claim for damages, or result in excepting it from the bar of the statute? We think not. If, as claimed, Mrs. Chaffin was an innocent purchaser for value without notice of appellant's right, this would authorize appellees to recover upon condemnation the value of the land; but would

not authorize a recovery for damages, resulting from a trespass upon property, when such claim was barred by the lapse of time.    Under such state of case Mrs. Chaffin could have sued for the damages at the time the trespass was committed; having failed to do so within the time prescribed by the statute, such damages ought not to be allowed over the objections of appellant.    While perhaps the charge asked is not technically correct, it was sufficient to call the attention of the court to the omission in the general charge.

Appellant claims that the verdict is not supported by the evidence.    There is no evidence of the payment of the purchase money by Mrs. Chaffin, except the recitals in the deed to her from Carter.

To constitute a party an innocent purchaser, it must appear that he has paid the purchase money, without either actual or constructive notice of the prior right; and the mere recital of the payment of the purchase money in the deed is not sufficient evidence to establish the fact, so as to constitute one an innocent purchaser. Watkins v. Edwards, 23 Tex., 443; Hawley v. Bullock, 29 Tex., 216; Lacoste v. Odam, 26 Tex., 458.

It is not necessary to consider the other errors complained of, as they will not probably occur upon another trial.

For the errors indicated we are of the opinion that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted December 14, 1883.]