Opinion adopted January 17, 1888.

No.° 3589.

GULF, COLORADO & SANTA FE RAILWAY COMPANY *v.* SARAH A. POINDEXTER.

1. PLEADING—IMPROVEMENTS IN GOOD FAITH.—A plea by the defendant in trespass to try title claiming compensation for improvements made in good faith, setting up that the land was sold for taxes due in the year 18— and that the sale was made in the year 1878, under which defendant claimed, should be stricken out on special exception.
2. TAX SALE.—In a suit involving the validity of a tax title the assessment rolls showing the assessment of the land are not admissible without evidence that the abstract number of the survey was correctly given, it being necessary to a legal assessment.

3. SAME.—A legal assessment, advertisement and tax sale of land, must be clearly shown before any rights can be acquired under a tax title.

4. CONDEMNATION.—In a suit brought in trespass to try title against a railway company, which had without condemnation constructed its road across the land for a period long enough to bar the claim of the plaintiff for damages, the district court has no jurisdiction on the application of defendant to change the suit to one condemning the right of way over the land. The defendant could only obtain a condemnation in the manner pointed out by the statute.

5. LIMITATION IN TRESPASS TO TRY TITLE.—In trespass to try title, the general law of limitation as to an injury done the estate of another does not apply. In such suits the law (Rev. Stats., arts. 4809, 4814 and 4815) regulating proceedings in trespass to try title governs.

APPEAL from Johnson. Tried below before the Hon. J. M. Hall.

Appellees as plaintiffs below brought this suit on the thirtieth day of October, A. D. 1883, against appellant (defendant below) to recover the possession of thirty-seven acres of land, a part of three surveys of six hundred and forty acres each, in the name of James H. Poindexter, who was the father of appellees. Appellees also sued to recover four acres of land, part of the same surveys of land and occupied by appellant, and on a part of which they have a section house for their railroad. The value of the four acres was alleged to be one thousand dollars. The annual rental value of the former tract was alleged to be two thousand dollars and the latter to be two hundred and fifty dollars per annum. The date when appellees allege that they were ejected was about the first day of January, 1881. This part of appellee's original petition was in the usual form of trespass to try title to land.

After pleading at much length alleged injuries by railway construction, the plaintiff asked an alternative judgment for the damage done thereby in the amended plea.

*Tillman Smith*, for appellant: When jurisdiction in equity attaches for any purpose it will extend to the whole case, and when once in the possession of the court its jurisdiction can not be defeated by the action of a party to the suit who by an amendment of his pleadings obviously intends to withdraw from the consideration of the court and jury a branch of the case which he has brought to the attention of the court by the pleadings which he seeks to abandon. (51 American Decisions, 589.)

Defendant's tax deed conveyed title. (J. W. House and wife v. H. P. Stone, 5 Texas Law Review.) A tax deed is not void for uncertainty of description of the land attempted to be conveyed when the description is made certain by the assessment, levy, etc., and without the introduction of parol testimony.

Where neither the general statutes nor the special act contains any specific limitation in regard to claims upon railway companies, it has been held that the general statute of limitations of actions for claims of a similar character will apply. (Houston & Texas Central Railway Company v. H. M. Chaffin. 60 Texas, 553; Foster v. Cumberland Valley Railroad Company, 23 Pennsylvania State, 371; 1 Redfield on the Law of Railways, 349.)

Witnesses should not be permitted to express their opinions before the jury as to the amount of damages sustained, but should state facts from which the jury can form their own opinions as to the amount of damage, uninfluenced by the opinion of the witness. (Houston & Texas Central Railway v. Burke, 55 Texas, 323; F. E. & M. V. Railroad v. Whalen, 5 American and English Railroad Cases, 364.)

The brief of the appellant has been received by the Reporter in a mutilated condition, and can not be properly noticed.

*Poindexter & Padelford*, for appellees: The description of land in a tax deed must be certain, of and in itself, and not such as to require evidence aliunde and extrinsic to render it certain. (Rev. Stats., arts. 4756, 4711; Waters v. Spofford, 58 Texas, 123; Wofford v. McKenna, 23 Texas, 43; Burroughs on Tax., section 96, Keene v. Cannovan, 21 California, 30; Perkins v. Cibble, 36 Am. Dec., 101, 102.)

A tax deed which fails on its face to properly describe the land is void for any and all purposes and is consequently no deed. A tax deed can not be amended by inserting a sufficient description therein. The pretended tax roll failed to give the number of survey or certificate, the name of the original grantee, or any description of the land. Same failed to state separately the amount of the State and county tax. Said roll purported to be a copy. The evidence failed to show that said land had been legally advertised. The facts show that the

prerequisites of the law had not been complied with. (Rev. Stats., title 95, chapter 3; Brown v. Wright, 42 Am. Dec., 481 et seq.; Alexander v. Walter, 50 Am. Dec., 688 et seq.)

The defendant could not ask the court to condemn and appropriate plaintiff's property to its use without first paying or offering to pay an adequate compensation therefor in money, and the defendant could not avoid the payment of the adequate compensation by pleading affirmatively that said compensation was barred by the statute of limitations. (Texas Constitution, art. 1, sec. 17; Hudson v. Wilkinson, 61 Texas, 609; Goldfrank, Frank & Company v. Young, 64 Texas, 433; Johnson v. Albany & Susquehanna R'y Co., 54 N. Y., 416; Deleware R'y Co. v. Burson, 61 Penn., 369; Toledo P. & W. R'y v. Darst, 61 Ill., 231.)

Adequate compensation (where a portion of a tract of land is taken) consists in making the owner good by an equivalent in money (not in statute of limitations) for the loss he sustains in the value of his property by being deprived of a portion thereof. Compensation includes not only the value of the portion taken, but also the diminution of value of that from which it is severed, and if one portion is not barred by the statute neither can the other be. (Texas Constitution, article 1, section 17; Rev. Stats., articles 4194–4196; Pierce on Railroads, 210, 211; Bigelow v. W. W. Ry. Co., 27 Wis., 487; San Francisco A. & S. Ry. Co. v. Caldwell, 31 Cal., 368.)

The Legislature of this State having provided for railway companies a full, complete and just remedy for the condemnation of propety for its proper use, no other remedy than that pointed out can be pursued by said companies, and the defendant in this case could not invoke the power of any other tribunal or pursue any other remedy than the one constituted and prescribed by the Legislature. The Legislature has constituted the county court as the only tribunal to exercise this right, and has not conferred upon the district court any such power, hence the court in this case erred in condemning plaintiff's land for the use of defendant, as it did, and not in rendering judgment on plaintiffs's motion as prayed for. (Rev. Stats., title 84, chapter 8; Hays v. Texas & Pacific Railway Company, 62 Texas, 398; Dater v. Troy Turnpike and Railway Company, 2 Hill, New York, 631; Mills on Em. Domain, section 87.)

COLLARD, JUDGE. Appellant complains of the ruling of the court in striking out its claim for improvements in good faith, and in excluding from the jury the tax deeds offered by it to support the plea, and as evidence of title under the general issue. The court having stricken out the plea for compensation for improvements, based as it was on the tax deeds, their exclusion from the jury under the plea of not guilty was correct, unless they, together with the evidence of assessment and sale, constituted title to the land.

But should the court have sustained the special exceptions to the plea? It set up that the land was sold for taxes due for the year 18—. Plaintiff's exception was that the year for which taxes were due was not stated. The exception was properly sustained. The exception specified the defect in the plea, and the court could not do otherwise than sustain it. On general demurrer the plea was good, but not on a formal exception. The defect was amendable, but defendant did not amend, but went to trial on the pleadings as they stood after the exception was sustained. Had defendant pleaded simply a claim in good faith under a tax title bought from E. M. Heath & Bro., the plea of title would have sufficed to admit the proof; and then it would have been a question for the jury under appropriate instructions from the court to determine whether the improvements were made under claim of title in good faith. But defendant pleaded specially and particularly that the land was sold for taxes due in the year 18—, and that the sale was made in the year 1878, clearly exhibiting such a defect in title as would not support good faith had the allegation been true. The error in the averment of title was reached by the special exception, and we must hold that there was no error in sustaining it. Defendant should have amended the plea by trial amendment as to the date.

Then it remains to be considered whether the tax title offered could serve defendant as a muniment of title under its plea of not guilty. The defendant offered the tax rolls of Johnson county for 1877, the advertisement, sale and tax deeds to E. M. Heath & Bro., deed from E. M. Heath for himself and O. S. Heath, the brother of the firm, and power of attorney from O. S. Heath to E. M. Heath to sell all his lands in Texas.

The certified copy of the tax rolls was as follows:

| Owner. | Abstr'ct No. | Survey. | Original Grantee. | Acres Rend. | Value. | Tot'l Value. | State Taxes. | | County Taxes. | | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | Ad valorem | Total. | Ad valorem | Total. | State and Co. Taxes. |
| Unknown. | 692 | | J.H.Poindexter | 640 | $1800 | $1800 | $9 00 | $9 00 | $6 30 | $6 30 | $15 30 |
| Unknown. | 693 | | J.H.Poindexter | 640 | 1800 | 1800 | 9 00 | 9 00 | 6 30 | 6 30 | 15 30 |
| Unknown. | 694 | | J.H.Poindexter | 640 | 1800 | 1800 | 9 00 | 9 00 | 6 30 | 6 30 | 15 30 |

The law of 1876 required the assessor to list and assess unrendered lands in the manner following, to wit: First, the name of the owner; if unknown, say unknown. Second, abstract number. Third, number of survey. Fourth, name of original grantee. Fifth, number of acres. Sixth, the true and full value thereof, and to give such other description as may be necessary to better describe the land. Such assessment was made as valid as if rendered by the owner. (Gen. Laws, 1876, p. 269, sec. 14.) In form the rolls presented followed the statutory direction, except that the column for number of surveys was left blank. It does not appear, however, that these surveys were numbered.

Defendant offered the patents to James H. Poindexter to show that the "*numbers of the surveys*" were 692, 693 and 694. Such proof would have been fatal to the rolls, as these numbers were, in the rolls, given as *abstract numbers*. To admit the rolls in evidence there should have been proof that the abstract numbers were correctly given. The abstract number was necessary to a legal assessment and necessary to identify the land. (McCormick v. Edwards, 69 Texas, 106.) The name of the original grantee and these supposed abstract numbers was the only description given of the land in the rolls, and without evidence to show that the abstract numbers were correct, the rolls were inadmissible. There was no attempt to supply this proof. All the law of assessing, advertisment and sale of property for taxes must be strictly complied with to confer upon the collector the power to seize and

sell land so as to convey a valid title. (Meredith v. Coker, 65 Texas, 30, 31, and authorities there cited; McCormick v. Edwards, ante.)

It may be that the rolls give the correct abstract numbers, but there is nothing in the record to show it, or to show that there was any attempt to prove it. The evidence is indispensable. There was no error in excluding the rolls, the deeds and all the other evidence proposed in relation to the sale of the land.

The defendant set up in the answer that plaintiff's suit, as originally brought, was for condemnation of the land in use by the railroad for road bed, right of way and section house, and for value of the same, and for damages to the residue of the land; that more than two years had elapsed from time of the trespass to the time suit was brought, which it had pleaded in bar of the damages, and that plaintiffs had abandoned the suit so brought and changed it into a suit of trespass to try title after invoking the jurisdiction of the court, and asked that the plaintiffs be held by their original pleadings. To this part of the answer the court sustained a special exception. The answer was inaccurate in the statement as to the nature of the original suit and the first amended petition. The suit, as originally brought, was for the recovery of the land and damages for rents and profits and special injury to the same, with an alternative prayer that if such relief could not be granted, for condemnation of the land appropriated by the road, and damages to the remainder. The first amended petition was in the same form. The second amended petition, upon which the case was tried, merely abandoned the alternative prayer, leaving the main suit for the recovery of the land as it originally was. This was plaintiffs' right. (Rule 33; 47 Texas, 623.) Defendant had pleaded the statute of limitations of two years as a bar to the recovery of the damages in case of a condemnation, but this was only a defense, and gave defendant no right to prevent an abandonment of that part of the plaintiffs' suit. It could not prejudice the defendant in any right; it simply dispensed with the necessity on the part of the defendant to make defense to that part of the writ abandoned.

A wrong direction was given to the case by an erroneous ruling of the court. Defendant asked that the land appropriated by the railroad be condemned without the usual damages, because the damages were barred by limitation. This was

after the plaintiffs abandoned the alternative prayer noticed above. The plaintiff excepted to this part of the answer, because the court had no jurisdiction to condemn the land at the instance of the railroad. The court overruled the exception, except as to the plea of limitation, which was sustained. The entire exception should have been sustained. The ruling allowed the defendant to change the nature of plaintiff's suit from trespass to try title to a proceeding to condemn the land appropriated by the road, and to ascertain the damages. A railway company can apply to the county judge in certain cases and have special commissioners appointed to assess the damages for right of way, and by such proceeding have the land upon which it enters condemned. (Rev. Stats., arts. 4181, and following to 4208.) The statutory method of condemning land to railroad uses is granted to the company, and it has been decided that it can resort to no other. Such method is not given to the owner of the land, and hence he can resort to any tribunal having jurisdiction of the amount claimed as damages. (I. & G. N. Railway Co. v. Benitos, 59 Texas, 327.)

The plaintiffs had their option to sue for the land, or for the value of that portion of it in use by the railroad and damages to the remainder. They elected to sue for the land, abandoning the prayer in the alternative before adverted to, doubtless because the trespass was committed by the defendant September 1, 1881, and the suit was not filed until December 30, 1883, the time being ample to bar the right to recover damages under a proceeding to condemn. (H. & T. C. Railroad Co. v. Chafin, 60 Texas, 553.) The court had no jurisdiction without the consent of the plaintiff to change the suit to a proceeding to condemn on behalf of the defendant. Plaintiff had asked for no such relief, and defendant could only seek it through the tribunal and in the manner prescribed in the statute for the benefit of railroads.

The court heard the evidence as in a suit to condemn under the statute, instructed the jury to find the land for plaintiffs, and submitted special issues to them requiring them to find the value of the land in use by the railroad, the damages to the remainder of the land, and the damage by the taking of the land upon which the section house is built; and upon the findings of the jury the plaintiffs moved for judgment in their favor for the land in controversy, and if this could not be done, then for judgment for the two acres upon which the sec-

tion house stands, for damages caused by the construction of the road to the land not taken by the defendant, for the value of the land taken, and the value of the improvements thereon. But the court rendered judgment condemning the thirty-seven acres in use as a road bed and right of way and the two acres used for section house; and for plaintiffs for one hundred and twenty-nine dollars and fifty cents value of the thirty-seven acres, two hundred dollars value of the section house tract, one thousand seven hundred dollars damages done to the remainder of the land and eight per cent interest on all said sums from September 1, 1881, aggregating two thousand eight hundred and twenty-seven dollars and thirty-two cents. Defendant complains that there was error in this judgment, that the one thousand seven hundred dollars was excessive, and that all the damages were barred by limitation. We are not prepared to say the verdict was in this respect excessive; it is true the most of the witnesses put the damages at one thousand dollars, but there was evidence tending to show that it was as much as given in the verdict. There was no plea of limitation to the damages; the plea had been stricken out. Defendant says there was error in the judgment in according two hundred dollars as the "value" of the land used for a section house.

The jury found the two hundred dollars as "damages," not as "value." We think the verdict for one thousand seven hundred dollars included all the damages done to the land not taken by the defendant. The questions propounded to the jury by the court on these points were as follows: "What damage, if any, has been done to the remainder of plaintiff's said three tracts by the taking and appropriating said land by defendant?" The jury answered "one thousand seven hundred dollars."

"What damage, if any, has plaintiff suffered by the taking of the land upon which the section house is built and the building of the same?" The jury answered: "Two hundred dollars." There was evidence tending to show that the damages to the land would be increased by having a house in the middle of the three tracts of land, occupied by railroad hands. And this was doubtless what was meant by the interrogatory and the verdict; but it seems from the questions and the verdict that the one thousand seven hundred dollars was intended as the aggregate amount of damages done to the land, and the two

hundred dollars the particular amount suffered on account of the section house. The court construed the two hundred dollars to be the value of the section house land. Neither the questions nor the verdict authorized this conclusion. The assignment of error in this particular should be sustained.

As to the statute of limitations pleaded and insisted on by the defendant all through the trial, even after it was stricken out by the court, it may be necessary to state that in suits of trespass to try title the general law of limitation as to injury to the estate of another does not apply. When the suit is strictly for damages to an estate, or to land, the general law of limitation is applicable, but when the suit is in trespass to try title, the statute regulating such suits governs. (Revised Statutes, arts. 4809, 4814, 4815.)

There was no error in excluding the evidence of E. M. Heath as to his agency. The plea of estoppel set up by defendant was that defendant entered upon the land by consent of the plaintiffs. The evidence offered in support of the plea was that E. M. Heath was agent of plaintiffs to negotiate sales for the land—but there was a stipulation in the power that he was not to make deeds. By such an agency he had no authority to deed the right of way to defendant with or without consideration. He had no power or authority to dedicate any of the land to the railroad as a right of way. His authority was limited, and he could not exceed it so as to bind his principals. (Reese v. Medlock, 27 Texas, 120; McAlpine v. Cassidy, 17 Texas, 462.)

We conclude the judgment ought to be reversed and the cause remanded for a new trial.

*Reversed and remanded.*