NELLIUS v. THOMPSON BROS. LUMBER CO. et al.

(Court of Civil Appeals of Texas. Galveston. March 4, 1913. Rehearing Denied March 27, 1913.)

1. VENDOR AND PURCHASER (§ 337*) — BONA FIDE PURCHASER—RIGHTS.

While a bona fide purchaser who has paid the entire purchase price without notice of a superior, outstanding, equitable title takes in preference to such title, and a purchaser who has given negotiable notes is considered a purchaser for value, yet the burden of proof being upon him to show that such notes are negotiable, an infant, a bona fide purchaser of land, is only entitled to a lien for the amount of the purchase price already paid; the notes for the balance being still in the vendor's hands, and not being shown to be negotiable.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 985–990; Dec. Dig. § 337.*],

2. VENDOR AND PURCHASER (§ 236*) — BONA FIDE PURCHASER.

A purchaser of land who gives negotiable instruments in payment is a purchaser for value.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 570; Dec. Dig. § 236.*]

3. INFANTS (§ 58*)—AVOIDANCE OF CONTRACT.

As an infant may avoid his contracts, even promissory notes, one who bona fide purchased land giving promissory notes in payment is not entitled to take as against superior outstanding title; the infant having the power to disaffirm its contract upon reaching his majority.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 149–160; Dec. Dig. § 58.*]

Appeal from District Court, Tyler County; W. B. Powell, Judge.

Trespass to try title by M. F. Nellius, by his next friend, against the Thompson Bros.

Lumber Company and others. From a judgment awarding plaintiff only a lien, he appeals. Affirmed.

Joe W. Thomas, of Woodville, for appellant. J. C. Matthews, of Lampasas, for appellees.

McMEANS, J. This is a suit of trespass to try title brought by appellant, M. F. Nellius, by next friend, against appellee Thompson Bros. Lumber Company to recover the title and possession of 231⅓ acres of land, part of the George Kirkwood survey in Tyler county. Appellee Thompson Bros. Lumber Company answered by general denial and a plea of not guilty and impleaded their vendors, S. F. Carter and J. P. Carter, upon the warranty of title contained in the deed conveying the land to said appellee. The warrantors appeared and answered by general denial and a plea of not guilty. A trial before the court without the assistance of a jury resulted in a judgment in favor of appellee Thompson Bros. Lumber Company for the land, and the establishment of a lien thereon in favor of plaintiff to secure the payment to him of $350, with 6 per cent. per annum interest from April 5, 1911, and decreeing a foreclosure of such lien on the land. To this judgment, and to the findings of fact and conclusions of law made and filed by the court, the plaintiff excepted, and has brought the case before this court by an appeal properly perfected.

From the evidence in the record and from the court's findings, we make the following findings of fact:

In 1899 or 1900 Wm. McCready owned and operated a sawmill. Prior to December 29, 1900, he formed a partnership with J. I. Campbell, by the terms of which Campbell and McCready became equal partners in the sawmill and of all the lands and other property owned and used in connection therewith. On December 29, 1900, McCready bought the land in controversy from one Cline, who held the fee-simple title thereto, paying his separate funds therefor and taking the title in his own name. Some time prior to August 15, 1902, McCready and Campbell entered into a contract in writing whereby McCready contracted to sell to Campbell the said sawmill property, including the land upon which the mill was situated, all machinery, tram roads, etc., connected therewith, and all lands owned by McCready in Tyler county, including the land in controversy, except one-half acre upon which a certain church was situated. The agreed consideration for the land was afterwards fully paid by Campbell to McCready, but no deed for the land in controversy was executed, and the contract itself was not recorded in Tyler county. About July 26, 1902, Campbell contracted in writing to sell to S. F. Carter the sawmill, the lands, and tram roads connected therewith, and all the lands owned by the partnership,

together with other lands; and on August 21, 1902, Campbell sold and conveyed to said Carter the said mill and lands, including the land in controversy, and this deed was filed for record in Tyler county August 25, 1902. Afterwards S. F. Carter conveyed this and other lands to the Emporia Lumber Company, which subsequently reconveyed the same to S. F. Carter, and the latter conveyed an undivided one-fourth interest to J. P. Carter, and the Carters conveyed the same by deed of general warranty to Alex Thompson, who conveyed by general warranty deed to appellee Thompson Bros. Lumber Company.

On April 5, 1911, Wm. McCready conveyed the land in controversy to his nephew, M. F. Nellius, the plaintiff, for the consideration of $1,750, of which $350 was paid in cash, and two promissory notes of the said Nellius for $700 each, payable one and two years, respectively, from date. Nellius at that time and at the time of the trial in the district court was a minor. He actually paid the $350. At the time of the trial McCready had in his possession the two notes executed to him by Nellius, and no payments had been made thereon. When Nellius purchased the land from McCready, he had no notice or knowledge of the contract between McCready and J. I. Campbell above referred to, and there was nothing in his claim of title that would put him, or a reasonably prudent person, on inquiry as to any equitable or other title to the land in any one other than McCready. The evidence does not show whether the notes executed by Nellius for the deferred payments were negotiable. Nellius never at any time took actual possession of the land, nor did he erect any improvements thereon.

The judgment in addition to decreeing to Thompson Bros. Lumber Company the title to the land adjudges in favor of appellant Nellius a lien on the land to secure the payment to him of the said sum of $350, with 6 per cent. per annum interest thereon from April 5, 1911, the same to be paid by Thompson Bros. Lumber Company, or for it by S. F. Carter and J. P. Carter, its warrantors, within two months from the adjournment of the court, or within two months from the affirmance of said judgment on appeal, and providing that, if said sum be not so paid within the time required, then that an order of sale be issued by the clerk directed to the sheriff or any constable of Tyler county commanding him to seize and sell said land as under execution and to apply the proceeds of said sale to the satisfaction of said sum of $350 and interest.

Appellant by his first, second, third, and fourth assignments of error in effect complains that the judgment of the court in favor of Thompson Bros. Lumber Company is erroneous, for the reason that as the undisputed evidence established, and the court found, that the appellant was an innocent purchaser for value, the title to the land should have been adjudged to him, notwithstanding it was shown that Thompson Bros. Lumber Company held the superior equitable title.

By the fifth assignment of error, it is contended, in effect, that as appellant was an innocent purchaser, and had paid in cash at the time of his purchase a sum of money equal to one-fifth of the entire purchase price, he was at least entitled to a judgment for one-fifth of the land.

[1, 2] That a bona fide purchaser of land who has paid the entire purchase price, without notice of a superior outstanding title, takes the superior title, is too well settled to require discussion. And it seems to be settled that a purchaser who gives negotiable notes in payment for land is purchaser for value. Tillman v. Heller, 78 Tex. 600, 14 S. W. 700, 11 L. R. A. 628, 22 Am. St. Rep. 77. But the burden of proof is upon him to show that such notes are negotiable. But where, as in this case, it is not shown that the notes given for the deferred payments are negotiable, or where it is shown, as it was in this case, that the purchaser before he has paid notes given for part of the purchase price, and while they are still in the hands of his vendor, receives notice of a superior outstanding title, then the rule seems to be that he will be protected only to the extent of the actual payment made by him before receiving such notice. Batts v. Scott, 37 Tex. 63; Rawles v. Perkey, 50 Tex. 315; Morton v. Lowell, 56 Tex. 645; Vodrie v. Tynan, 57 S. W. 681; Durst v. Daugherty, 81 Tex. 654, 17 S. W. 388; Sparks v. Taylor, 99 Tex. 427, 90 S. W. 485, 6 L. R. A. (N. S.) 381. In Durst v. Daugherty, above cited, the district court rendered judgment for land in favor of the purchaser who paid half of the purchase money before knowledge of any adverse claim, but had not paid the other half of the purchase money. On appeal the appellant contended that the court erred in rendering judgment in favor of appellee for the entire tract of land, because he had only paid one-half of the purchase money before he obtained knowledge of the adverse title, and this contention was sustained by the Supreme Court. In deciding the case it was said: "The pro tanto protection accorded an innocent purchaser is so well recognized by American courts that we deem it unnecessary to cite authority in support of the right. The difficulty lies in the application of the rule, and how the relief should be administered. Some of the courts adopt that rule that allows an innocent purchaser to retain of the land purchased the proportion paid for. Some admit a lien in favor of the innocent purchaser upon the land for the amount of the purchase money paid. Other courts give to the innocent purchaser all the land, with a right in the real owner to recover from him the purchase money unpaid at the time of notice." The trial court in determining

the rights of the parties adopted the rule which admits a lien upon the land in favor of the appellant, the innocent purchaser in this case, for the amount of the purchase money he had paid, and we think that under the facts of this case that rule is applicable, and that the assignments point out no error.

[3] But, even had it been shown that negotiable notes had been given by appellant for part of the purchase money, we would, under the facts of this case, be constrained to hold that the judgment is correct. Appellant at the time he gave the notes and at the date of the judgment was a minor, and McCready then had possession of the notes. Should suit be brought by McCready against appellant on the notes, appellant could plead his minority in avoidance, or on becoming of legal age he could disaffirm his contract. And, even if the notes have passed into the hands of a bona fide purchaser for value before maturity, the purchaser's rights could not avail as against the minor's right to disaffirm, because the right of an infant to avoid his contract is an absolute and paramount right, superior to all equities of other persons. Howard v. Simpkins, 70 Ga. 322; Tiedeman on Commercial Paper, § 280; note to Craig v. Van Bebber, 18 Am. St. Rep. 661.

We have carefully examined all the other assignments presented by appellant, and are of the opinion that none of them points out reversible error. The judgment of the court below is affirmed.

Affirmed.