QUANAH, A. & P. RY. CO. v. COLLETT.
(No. 1086.)

(Court of Civil Appeals of Texas. Amarillo.
Jan. 3, 1917.)

1. EMINENT DOMAIN ⟨∞⟩262(2)—PARTIES EN-
TITLED TO ALLEGE ERROR—ESTOPPEL—CON-
DEMNATION.

Where a railroad against which an action to
recover land was brought pleaded ownership of
its right of way across the land, and by a sepa-
rate paragraph alleged that it had construct-
ed its railroad across the land and prayed a
condemnation of a right of way therefor, as it
was permitted to do by Vernon's Sayles' Ann.
Civ. St. 1914, art. 6531, which provided that
the plea for condemnation should be an admis-
sion of plaintiff's title to the property, and the
railroad appealed from the award of damages,
but did not question the judgment of condemna-
tion, it is estopped to raise on that appeal ques-
tions affecting its original claim of title to the
property.

[Ed. Note.—For other cases, see Eminent Do-
main, Cent. Dig. § 682; Dec. Dig. ⟨∞⟩262(2).]

2. LIMITATION OF ACTIONS ⟨∞⟩32(2)—INJUR-
ING PROPERTY WITHOUT COMPENSATION—
DAMAGES.

The two-year statute of limitation, though it
may bar recovery for the negligent construction
of a railroad across plaintiff's land, does not
bar recovery in condemnation proceedings of
the incidental damages to plaintiff's land not
taken caused by the proper construction of the
railroad along the right of way condemned.

[Ed. Note.—For other cases, see Limitation
of Actions, Cent. Dig. § 143; Dec. Dig. ⟨∞⟩
32(2); Eminent Domain, Cent. Dig. § 783.]

3. EMINENT DOMAIN ⟨∞⟩307(2) — COMPENSA-
TION—DAMAGES—EVIDENCE.

Under Vernon's Sayles' Ann. Civ. St. 1914,
art. 6521, providing that in estimating either
the injuries or the benefits in condemnation
those sustained by the owner in common with
the community generally, and not peculiar to
him, shall be excluded, evidence that the land
was of more value after the railroad was con-
structed than it was before, without evidence
that the increase in value was due to particular
benefits received by that land, does not show
that plaintiff is not entitled to recover com-
pensation for damages to the part of the land
not taken, but, at most, makes that a question
for the jury.

[Ed. Note.—For other cases, see Eminent Do-
main, Cent. Dig. § 823; Dec. Dig. ⟨∞⟩307(2).]

4. EMINENT DOMAIN ⟨∞⟩224—NEWLY DISCOV-
ERED EVIDENCE—NEW TRIAL.

In an action against a railroad company to
recover land, where defendant claimed title,
and also asked for condemnation under Ver-
non's Sayles' Ann. Civ. St. 1914, art. 6531,
which provides that the plea for condemnation
is an admission of plaintiff's title, defendant
cannot, after a judgment of condemnation, se-
cure a new trial on newly discovered evidence
as to his title.

[Ed. Note.—For other cases, see Eminent Do-
main, Cent. Dig. §§ 574-579; Dec. Dig. ⟨∞⟩
224.]

Appeal from District Court, Motley Coun-
ty; Jo A. P. Dickson, Judge.

Action by J. C. Collett against the Quanah,
Acme & Pacific Railway Company to recover
possession of land, in which defendant asked
for a condemnation of a right of way across
the land. Judgment for plaintiff, but award-
ing condemnation and assessing the damages,
and defendant appeals. Affirmed.

D. E. Decker and J. A. Clarke, both of
Quanah, and G. E. Hamilton, of Matador, for
appellant. T. T. Bouldin, of Matador, for ap-
pellee.

HENDRICKS, J. The appellee, J. C. Col-
lett, sought to recover of the appellant,
Quanah, Acme & Pacific Railway Company,
the title and possession of a certain section
of land situated in Motley county, Tex.

The defendant railway company disclaimed
as to all of the land described in plaintiff's
petition, except 200 feet of right of way
through said survey, amounting to 12.8
acres; and, after specially answering, under
separate paragraphs, that it was entitled to
the land on account of certain agreements
and estoppels, the railway company, in re-
convention, pleaded that it had constructed a
line of railway across plaintiff's land (but
with his consent), and that said right of way
is necessary to its business as a common car-
rier, praying for a condemnation of a right
of way, and that the court assess plaintiff's
damages therefor.

Article 6531, Vernon's Sayles' Civil Stat-
utes, provides:

"When any railroad company is sued for any
property occupied by it for railroad purposes,
or for damages thereto, the court in which such
suit is pending may determine all matters in
dispute between the parties, including the con-
demnation of the property, upon petition or
cross bill asking such remedy by defendant, but
the plea for condemnation shall be an admission
of the plaintiff's title to such property."

Before the passage of this article in 1889
the district court had no jurisdiction on the
application of a railway company, by cross-
action or otherwise, to change plaintiff's suit
to one of condemnation for the land. Such
a corporation in the exercise of the right pri-
or to said statute could only obtain a con-
demnation in a manner pointed out by the
particular statutes giving the power and pre-
scribing the methods and adjudicating the
rights in the county court. Railway Co. v.
Poindexter, 70 Tex. 98, 7 S. W. 316. The
statute was evidently enacted to give rail-
road companies such a right, but in providing
the remedy furthering it attached the con-
dition that the "plea for condemnation shall
be an admission of the plaintiff's title to
such property." The appellant railway com-
pany is in the attitude of pleading an agree-
ment of donation of the right of way, also
estoppel and acquiescence, and at the same
time seeking to condemn the property, in
which event the statute requires it to admit
plaintiff's title.

[1] In this case the damages were award-
ed, and while there may be questions arising
upon the evidence, or otherwise mooted, as
to the correctness of the damages, however,
as to the question of title, the district court
in its judgment having condemned the land,

and there being no complaint in that respect by the defendant, nor attempted rejection of said judgment in this court, but an evident acquiescence and election with reference to the same, we think the defendant is estopped to raise in this court questions affecting any other claim of right affecting the title to the property interposed by it. Railway Co. v. Johnson, 156 S. W. 259, par. 12; Vance v. Railway Co., 173 S. W. 265; Railway Co. v. Kinkead, 60 S. W. 468.

[2] The first, second, and third assignments of error, as to the question of damages, assert that the record discloses that that part of the suit for same was barred by the two-year statute of limitation. That question also arose in the cases of Chicago, Rock Island & Gulf Railway Co. v. Johnson, and Railway Co. v. Kinkead, supra, in which the Supreme Court denied writs of error. Following the case of Railway Co. v. Cave, 80 Tex. 137, 15 S. W. 786, it was held that the statute of two or four year limitation did not apply to the right of the owner of compensation for damages to the remainder of the land, when in reconvention in trespass to try title the railroad sought condemnation. Justice Stayton had said in the case of Railway Co. v. Cave, supra:

"It might as well be held that plaintiff was barred from recovering damages for the condemnation of the right of way itself by reason of a former occupancy not sufficient to confer the right as to hold that he is barred from recovering for injury to land not actually condemned, but made less valuable by the condemnation of the right of way; for the one element of damages as well as the other enters into the compensation to be paid for the taking, and neither can be barred so long as the land has not in some lawful manner been burdened with the easement."

Cases applying a shorter statute of limitations, where the damages arose either from negligence or unskillfulness in the construction or operation of the road, do not apply. The case of Railway Co. v. Henderson, 86 Tex. 308, and particularly page 313, 24 S. W. 381, discloses the difference between damages accruing under the Constitution for the taking or appropriation of private property for public use and other damages arising on account of either the negligent construction or operation of the railroad. The land belongs to the owner until paid for under the Constitution, and the compensation is the whole damages, including the value of the land taken, as well as the damages to the remainder of the land. Railway Co. v. Henderson, supra, p. 313.

[3] The fifth assignment of error raises the question that the judgment and verdict are contrary to the evidence, in "that the land not taken was of greater value after the construction of the railway than prior thereto." We assume that appellant means that in estimating the compensation or the damages to the remainder of the tract the testimony shows such a deduction of benefits peculiar to the land not taken as to offset, or more than offset, one against the other.

Article 6521, Vernon's Sayles' Civil Statutes, provides:

"In estimating either the injuries or the benefits, as provided in the preceding article, those injuries or benefits which the owner of such real estate sustains or receives in common with the community generally, and which are not peculiar to him and connected with his ownership, use and enjoyment of the particular parcel of land, shall be altogether excluded from such estimate."

Plaintiff's proposition under the above assignment is, in substance, that the evidence shows that plaintiff's land not taken, for which he seeks damage because of the construction of defendant's road, was worth more, or at least as much, after construction, than it was before.

It might be well doubted whether the assignment and the proposition really raise a deduction of special benefits as offsetting injuries. However, all of the testimony by the different witnesses reproduced in appellant's statement under said assignment is addressed to an enhancement of the value of the land on account of the construction of the railroad, which, it would seem to us, would be shared by the community. Evidence of a general increase in the value of the property in the neighborhood arising on account of the presence of the railroad is, of course, not to be considered in estimating or reducing such damages. We see no testimony quoted in the brief as affecting the value of the land pointing to benefits peculiar to the owner "and connected with his ownership, use, and enjoyment of the particular parcel of land." While we do not think the testimony raises an issue, however, at best, according to the statement in the brief, it could only be a question for the judge or jury.

[4] The seventh assignment of error is based upon a ground in the motion for new trial of newly discovered testimony with reference to a contract found after the trial, and not produced at the hearing. This assignment before this court on account of previous discussion of the article with reference to condemnation by defendant and admission of title by it in this suit, we think, is wholly immaterial.

Before concluding to determine that part of the case upon the authorities and reasons adduced by us, we had carefully considered all the assignments, and would not have reversed the cause on either of them.

The judgment of the trial court is affirmed.