## WEBB v. MARTIN et al.
### No. 1056.

Court of Civil Appeals of Texas. Waco.
May 7, 1931.

Rehearing Denied June 4, 1931.

Bryan & Maxwell, of Waco, for appellant.

Witt, Terrell & Witt, Frank Fitzpatrick, and Taylor & Atkinson, all of Waco, for appellees.

BARCUS, J.

In December, 1889, appellant married. His wife died December 18, 1893, leaving as her only child appellee Viola Webb Martin, who at that time was eighteen months of age. At the time Mrs. Webb died, she and her husband owned 70 acres of land. On February 14, 1894, appellant purchased an undivided one-fourth interest in 500 acres of land, paying all cash therefor. He later bought other properties not necessary to further mention. Appellee Mrs. Martin was 21 years old on March 10, 1913. On June 18, 1913, appellant conveyed to her a house and lot, his individual property in Waco, retaining a lien to secure a note for $500, executed by appellee payable to appellant twenty years after date, and bearing 8 per cent. per annum interest, and appellee conveyed to appellant her undivided one-half interest in the seventy acres of land. On July 16, 1913, said appellee married R. L. Martin, and they have since said time continued to use and occupy the said house in Waco.

In February, 1924, Viola Webb Martin, joined by her husband, instituted this suit against appellant. In March, 1928, she filed her amended petition in which she sought judgment against appellant for an undivided one-half interest in his one-fourth of said 500 acres of land, claiming that same was purchased and paid for with community funds belonging to appellant, her father, and her deceased mother. She also alleged that she had been overreached by appellant at the time she executed the deed to him to her one-half interest in the 70-acre tract. In her pleading she offered to reconvey the Waco property to appellant and she asked that said

deeds, as well as the note which she had given on the Waco property, be canceled, and she asked for one-half interest in the 70 acres of land, together with one-half of the rents received by appellant from same since 1894. She also alleged that her father had purchased other property with community funds belonging to him and her deceased mother, which constituted community property, which, in view of our disposition of the case, it is not necessary to further mention.

Appellant pleaded the various statutes of limitation and specifically denied that he purchased his interest in the 500-acre tract with the community funds of himself and his deceased wife. The cause was tried to a jury, submitted on special issues, and the jury found that appellant had purchased the undivided interest in the 500-acre tract with community funds belonging to himself and his deceased wife, and that appellant had received rents from said land from the time it was conveyed to him in 1894 up to the date of trial in September, 1930, the sum of $7,000 over and above all expenses and taxes paid. Appellee waived her interest in all of the other property claimed, except a cotton gin which the jury found was not community property. The trial court entered judgment for appellee Mrs. Martin for an undivided one-half interest in the one-fourth interest which was deeded to appellant of the 500-acre tract, and a personal judgment against appellant in favor of Mrs. Martin for $3,500, being one-half of the rents received by him from said property for the thirty-six years which he had had same, and judgment canceling the $500 note against the property located in Waco, and judgment in favor of appellant for the gin and the other real estate involved in this litigation.

[1] Appellant complains at the action of the trial court in permitting appellee to introduce in evidence the bank books of the First National Bank of Waco showing the account of appellant with the First National Bank during the months of November and December, 1893, and January and February, 1894, and in permitting the witness Lanning to read said account from said books. Lanning testified that he was the custodian of the old books and files and papers of the First National Bank and that said books were the property of the First National Bank and contained the accounts of various customers with said bank during said period of time. The books appeared in regular order and had been kept in the archives of the First National Bank. Said books show that appellant had on deposit in said bank on November 1, 1893, $501.38. There were charged against said account several checks and several deposits were added thereto. On November 28, 1893, there was on deposit $926.38; on December 1st, $1,854.73; December 5th,

$1,804.73; December 21st, $1,779.73; January 3, 1894, $1,482.15; January 5, 1894, $1,457.15; January 16, 1894, $1,832.15; January 18, 1894, $2,267.15; January 19, 1894, $2,767.15; January 30, 1894, $2,798.22; on February 14, 1894, a check or checks were charged against said account for $2,327.50, leaving a balance to the account of appellant at that date of $470.72.

Appellant testified that in 1893 and 1894 he was doing his banking business with the First National Bank. After Mr. Lanning had testified and said books had been introduced in evidence, appellant testified: "They have introduced here some books from the bank which show that on October 31, 1893, I had a balance of $501.03 in the First National Bank here in Waco and showing the balances I had there in my account through October, November, December, January and on up to February 14, 1894, and showing that on February 14, 1894 I had to my credit in that bank $2,798.42; that on that date I drew a check or checks for $2,327.50. I can explain where I got that money and whose money it was and why it was in my name." He then testified that a few days before his wife died, he had loaned some of his father's money to his wife's father and in March, 1894, he collected approximately $1,455 from his wife's father which belonged to his (appellant's) father, and that he gave the check for said amount to Mr. Gribble at the First National Bank to be deposited to his (appellant's) father's account, but instead thereof said money was deposited to his (appellant's) individual account. He testified that at said time he had considerable money on deposit in his name that belonged to other people, especially his customers at the gin for whom he had sold cotton and to whom he had not accounted.

Appellant's contention is that neither the testimony of Mr. Lanning relative to said books nor said books were admissible in evidence because they were not shown to be the books of original entries nor that they were correctly or accurately kept, neither was it shown that they were kept by Mr. Lanning or under his supervision or under his direction.

Appellee contends that said books were admissible under Evidence Rule 16, under article 3713, of the Revised Statutes, which provides in effect that instruments more than thirty years old when offered in evidence, unblemished by alterations and coming from such custody as affords a reasonable presumption in favor of genuineness with other circumstances of corroboration, will be admitted in evidence without proof of their execution. Clearly, we think in the light of the entire record, it was not error for the trial court to admit said books in evidence. Howard v. Russell, 75 Tex. 171, 12 S. W. 525; Wiener v. Zweib (Tex. Civ. App.) 128 S. W.

699; Millwee v. Phelps, 53 Tex. Civ. App. 195, 115 S. W. 891, 892. If said books were not admissible as ancient records, the error, if any, in admitting same was harmless because appellant in effect testified that said account was correct and that he had said amount of money in said bank at said time, and he attempted to explain the reason of said amount being on deposit in his name and the sources from which he had received it and its ownership.

▆ Appellant contends that the jury's finding that he paid for his undivided interest in the 500 acres known as the Bullhide tract, with community funds belonging to himself and his deceased wife, is without support in the evidence or at least against the great weight of the testimony. We have carefully examined the record and overrule this contention. In his ex parte deposition, appellant testified that all of his funds which he had in the bank at the time his wife died in December, 1893, were community funds of himself and his deceased wife. He further testified that his only source of income through January and February after his wife died was from the sale of the crops that he had made in 1893 prior to his wife's death. He further testified that part of the funds with which he paid for the land perhaps belonged to the community estate of him and his deceased wife. His admitted bank account shows that on February 14, 1894, the date he purchased the land, he had more than $2,700 on deposit in the First National Bank and that on said date he drew out of said bank $2,327.50. His one-fourth interest in the land cost him approximately $1,500. He testified that he paid for it in cash and that he borrowed money with which to pay for the same from his father. The jury had all the facts before them and all of his testimony. They were the judges of what portions of his testimony they would believe and what portions they would not. Taking the entire testimony as given by appellant and the other witnesses, we think same supports the jury's finding that said property was bought with the community funds of appellant and his deceased wife, the mother of appellee.

▆ Appellant contends that the judgment for rent is without either pleading or proof to support same. Appellee filed this suit in 1924. The original petition is not before us and we do not therefore know its contents. In March, 1928, she filed her amended petition on which she went to trial in September, 1930. She alleged that appellant had, prior to March, 1928, received total rents from his interest in the 500-acre tract of approximately $15,000, and that she was entitled to one-half thereof. She did not pretend to allege the amount of rents that appellant had collected for any specific year, neither did she ask for rents that might accrue after her amended petition was filed in March, 1928.

Appellant specifically pleaded the statutes of limitation against said appellee's right to recover rents. The trial court asked the jury to determine the amount of rents which appellant had received from said land over and above the necessary and needful expenses in keeping up said property and pay the taxes thereon from 1894 to the date of trial in September, 1930, which the jury answered $7,000, and the trial court entered judgment against appellant for one-half thereof, $3,500.

Article 7389 of the Revised Statutes provides, in effect, that in a trespass to try title suit where the plaintiff recovers any portion of the land from the defendant, that plaintiff cannot recover for the use of said premises for over two years prior to the commencement of the suit. In Gulf, Colorado & Santa Fe Ry. Co. v. Poindexter, 70 Tex. 98, 7 S. W. 316, the court specifically held that in a suit in trespass to try title, the general law of limitation was not applicable, but that the right of the plaintiff to recover was governed by the statutes regulating suits in trespass to try title, and cited article 4809 of the Revised Statutes of 1879, which is in the identical language as article 7389 of the Revised Statutes of 1925. To the same effect is the holding in the case of Johnson v. Johnson (Tex. Civ. App.) 206 S. W. 369. Clearly, under said statute, appellee was not entitled to recover from appellant rents for more than two years prior to the time she filed her suit, and unless she asked for rents in the original petition, she could not recover for more than two years prior to the time she filed her amended pleadings in March, 1928. Since she abandoned the pleadings filed in 1924 and there is nothing in the record to show whether she asked for rents that might accrue after the original suit was filed, it is not necessary for us to, and we do not, determine whether she could now, by amending her pleadings, recover from two years prior to the date she filed her original suit or two years prior to the time she filed her amended petition.

Appellant having specifically pleaded the statute of limitation, and article 7389 of the Revised Statutes specifically restricting appellee from recovering from appellant rents for more than two years prior to the filing of her suit, it was error for the trial court to submit the issue to the jury for its determination as to the rents that had been received from 1894, and it was error for the court to submit to the jury the amount received after the pleadings were filed in March, 1928, because there were no pleadings to support same. Clement v. First National Bank, 115 Tex. 342, 282 S. W. 558; Van Slyck v. Lawyers' Co-operative Publishing Co. (Tex. Civ. App.) 10 S.W.(2d) 1016.

120

■ Appellant further complains of the action of the trial court in canceling the $500 vendor's lien note which he holds against the house and lot conveyed by him to appellee Mrs. Martin, in '1913; his contention being that there is neither pleading nor proof to support this portion of the judgment and that there is no finding of the jury authorizing said judgment, and that in the absence of a finding, the trial court could not cancel said note. We sustain this contention. Said appellee alleged that she had been overreached by appellant at the time she executed to appellant the deed to her interest in the 70 acres of land and received therefor the deed to the Waco property, and that she and her husband were able to and did tender a deed to said property conveying 'same back to appellant and asked the court to require appellant to accept said deed and cancel the note which she had given against said property and cancel the deed which she had given to appellant to her interest in the 70 acres of land. There was no contention in her pleading that she was entitled to have the $500 note canceled except and unless the deeds to the respective properties were at the same time canceled. She did not claim by either her pleading or proof that she was to get the Waco property clear of said note in exchange for executing the deed to appellant to the 70 acres of land. There is no suggestion in the testimony that she tendered the deed conveying the Waco property to appellant or that she was willing to do so, or that she in any way desired that said trade as made between her and appellant in 1913 be canceled, changed, or annulled. Apparently from the entire testimony as given by her, she abandoned any idea or intention of having said trade canceled. She requested no issue to be submitted relative thereto and none was submitted by the trial court which in any way affected the 70-acre tract of land or the Waco property. The trial court, without any objection, rendered judgment in favor of appellant quieting his title in and to the 70 acres of land. There is no theory suggested in the record on which the court based its judgment canceling said note. Clearly, its action in so doing is not authorized either by the pleading or the evidence.

The various contentions of appellant and appellee relative to their respective property rights being severable and entirely independent of each other, the judgment of the trial court awarding appellee Viola Webb Martin an undivided one-eighth interest in the 500-acre tract described in the judgment, being one-half of appellant's one-fourth interest therein, is in all things affirmed. That portion of the judgment which awards appellant certain other real estate and the gin property described in said judgment, as well as the judgment in so far as it affects all other parties named therein, is affirmed. That portion of the judgment which canceled the $500 vendor's lien note held by appellant against the property located in the city of Waco which he conveyed to appellee Viola Webb, in 1913 as shown by deed recorded in volume 248, page 448, of the Deed Records of McLennan County, Texas, is reversed, and judgment is here rendered denying appellee the cancellation of said note. That portion of the judgment which awards appellee $3,500 rent is reversed and remanded to the trial court. The judgment, in all other respects not specifically herein disposed of, is affirmed.